**Ex parte Fred H. CRADDOCK, Relator.**

**No. 15635.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 26, 1970.

Randall R. Shenk, Houston, for relator.

McGlasson & Dowlen, Canyon, for respondent; Gene McGlasson, Jr., Canyon, of counsel.

BELL, Chief Justice.

This is an original proceeding.

Relator filed his Petition for Writ of Habeas Corpus alleging he was illegally restrained by the Sheriff of Harris County. We granted the writ and ordered Relator released on bond pending a hearing on the merits.

We have jurisdiction under Article 1824a, Vernon's Ann.Tex.Civ.St., since Relator is held under a commitment issued after he had been found guilty of contempt of court for failure to pay child support ordered by a judgment of divorce theretofore rendered by the District Court of Randall County.

Certified copies of the various instruments we shall notice are a part of Relator's petition.

On December 9, 1969, the former wife of Relator, and mother of the children for whom support was ordered, filed a verified complaint stating Relator had failed and refused to make all of the support payments ordered except $2,280.84.

On December 10 pursuant to an order of the court a show cause order was issued directed to Relator to show cause on December 23 at 9 A.M. why he should not be held in contempt of court. Service was directed to be made either by personal service or by registered mail addressed to Relator's last known address.

The return on the show cause order is dated December 10, the date of its issuance at Canyon, Texas. The return was signed in the name of Mavis Hill, District Clerk, by Karen Daily, Deputy. It recites Mavis Hill delivered a copy of the show cause order to Relator by certified mail. It is noted that while the return recites "Before me the undersigned authority * * * personally appeared Mavis Hill, District Clerk," Mavis Hill in person nowhere signs showing she was swearing to the facts stated. At the place on the form for the affiant to sign appears "Mavis Hill by Karen Daily, Deputy." Then follows this language: "Sworn to and Subscribed before me on the 10 day of December 1969, to certify which witness my hand and seal of office." This is then signed "Mavis Hill, District Clerk, in and for Randall County, Texas, by Karen Daily, Deputy." It would thus appear that the return, allegedly consisting of an affidavit, is defective. The

Deputy could make the service and return but the affidavit should be made before another person authorized to administer oaths.

Texas Rules of Civil Procedure, rule 21a authorizes service by registered mail. Rule 21b authorizes use of certified mail. Rule 21a provides that where a person competent to make oath makes service, rather than a party to the suit or his attorney, a sheriff or constable, such person shall make an affidavit showing service of the notice and such shall be prima facie evidence of the fact of service. Because of the defect noticed, we conclude no prima facie case of service was established.

The hearing was held December 23, and Relator was held in contempt, fined $1.00 and was ordered committed to jail until he purged himself by paying the fine, child support, attorney's fees and costs of $455.23.

■■■ A commitment addressed to the Sheriff of Randall County was issued December 23. A letter dated December 24, from the Sheriff of Randall County to the Sheriff of Harris County recited enclosure of commitment and judgment of contempt. The letter gave Relator's address as 2324 Mimosa, Houston, Texas. On the back of the judgment, above the signature are these notations above the signature of D. W. Morgan, Deputy Sheriff of Harris County:

"Rec'd—December 27, 1969 and—
Ret. unex 1–19–70 For better address and is
not made to Harris Co. Sheriff"

Also appearing on the back of the judgment are these two notations:

"1. Moved—10–15–69.

"2. 2324 Mimosa
Moved."

These two notations appear above no person's signature. Who made them and who gave the information we are not informed. They are purely hearsay and are of no evidentiary effect. This letter and the nota-

tions are attached to the reply of Respondent.

Also, a part of Relator's petition is a certified copy of the envelope and writings thereon which allegedly contained the "Show Cause Order" that was sent by certified mail. This envelope contained the return address of the District Clerk. Underneath this return address is the typewritten direction "If Not Delivered Within 5 Days Return to Sender." The envelope is postmarked "Canyon, Texas, Dec. 10 '69." Stamped on it is also "Dec. 12, 1969" and immediately below this in handwriting is the following: "N R —notified." Also stamped on the envelope is "2nd Notice—Jan 5, 1970." The certified mail, according to directions stamped on the envelope, was to "Deliver to addressee only." The envelope was addressed to Relator at 2324 Mimosa, Houston, Texas. Finally, there was stamped "Returned to Writer" because "Unclaimed". The receipt to be signed by the addressee did not reflect who the sender was.

An affidavit of Relator states that on December 10 he went to Austin, Texas, to take care of varoius details pertaining to his wedding to be held on December 12. After the wedding and on December 13, he went to Mexico on his honeymoon. Upon his return on December 21 he found notice of attempt to deliver certified mail to his apartment. The notice contained no name or address of the sender. During the week of December 22, he went to the River Oaks station of the Post Office where notice directed he should come. A clerk could not find the letter and stated it had probably been returned to the sender. He did not receive any certified letter and did not know of the contempt hearing until February, 1970 when contacted by the Harris County Sheriff's office concerning the Order of Commitment.

Under the full facts above recited, we hold there was never notice served on Relator and that he had no actual notice. Fur-

ther, we find there is no evidence that he was evading service.

We hold that the case of Ex parte Herring, 438 S.W.2d 801 (Tex.S.Ct.), is controlling, and that Relator is illegally confined because he has been denied due process.

Relator is ordered discharged.