Ex parte Vernon Hugh
**BLANCHARD, Relator.**

No. C–6631.

Supreme Court of Texas.

Sept. 16, 1987.

David C. Gunn, Baytown, for relator.

Ron Marsh, Baytown, for respondent.

PER CURIAM.

In this original habeas corpus proceeding Relator Vernon Hugh Blanchard argues that he was denied due process of law because he was not afforded proper notice

of the contempt charge for which he was incarcerated. We agree and order the Relator discharged.

Vernon's incarceration results from an attempt by his ex-wife Margaret to compel delivery of certain property in his possession, but awarded to her in their divorce. On May 29, 1987, Margaret filed a Motion in Aid and Clarification and to Enforce Decree of Divorce. This motion and an order setting a hearing for June 19, 1987, were served on Vernon.

At the hearing on June 19, the court ordered Vernon to deliver several items of property to Margaret the next day, June 20. Several days later, on June 25, the Judge signed an order documenting what he had ordered at the June 19 hearing. In addition to directing Vernon to deliver items of personal property to Margaret, the order included the following provision:

> It is ordered that Respondent appear in this court on June 26, 1987, at 9:00 a.m. to show cause why he should not be fined or jailed or otherwise held in contempt of this court for his failure to deliver the items of personal property set out above to Margaret Blanchard at the date and time so ordered by this court.

A hearing was held on June 26, after which the Court found that Vernon had not delivered certain property, found him in contempt and committed him to jail.

Our immediate problem with the contempt order is that it was not preceded by service of an appropriate show cause order or any other appropriate method of notice. Due process requires that the alleged contemnor be personally served with a show cause order or that it be established that he had knowledge of the content of such order. *Ex parte Herring*, 438 S.W.2d 801, 803 (Tex.1969). In the present case there is no indication that the court issued any valid show cause order or equivalent legal process apprising the contemnor of the accusations. The hearing on June 19 and the written order of June 25, directing Vernon to appear and show cause, are insufficient for two reasons. First, assuming that the June 25 order was to serve as a show cause order, there is nothing in the record indicating service on Vernon. Vernon admits that he received a copy of the order, but not until the contempt hearing on June 26. Obviously, such notice comes too late. Second, the June 25 order is deficient because it does not specify the contemptuous acts, and could not, because it originated at the same hearing which produced the order sought to be enforced. Likewise, any oral notification Vernon may have received at the June 19 hearing was deficient for the same reasons.

In *Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex.1969), we wrote that due process of law demands "full and complete notification of the subject matter, and the show cause order or other means of notification must state when, how, and by what means the defendant has been guilty of the alleged contempt." In *Ex parte Gordon*, 584 S.W.2d 686, 690 (Tex.1979), we held "in situations of contempt committed outside the presence of the court, the contempt judgment must be based on a valid show cause order or equivalent legal process that contains full and unambiguous notification of the accusation of contempt." Absent such notification, the contempt judgment is a nullity. *Id.* at 688.

The present order of contempt, rendered without proper notice to the accused, is contrary to our holding in *Ex parte Gordon*. Pursuant to Tex.R.App.P. 122, without hearing oral argument, a majority of this court grants the writ and orders Relator discharged.