**Ex parte Emmanuel HASKIN, Relator.**

**No. 13–90–423–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 13, 1990.

Vaughn L. Westheimer, Corpus Christi, for appellant.

Irma M. Sanjines, Corpus Christi, Tod L. Adamson, Jim Mattox, Mary F. Keller, Lou McCreary, Richard Casey Hoffman, Austin, for appellee.

Before BENAVIDES, KENNEDY and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

Relator filed a petition for writ of habeas corpus seeking relief from an order enforcing a child support obligation which provided for relator's incarceration for failing to make child support payments. We ordered relator released on bond pending resolution of the matter on its merits. See Tex.Gov't Code Ann. § 22.221(d) (Vernon Supp.1990). He contended that he was illegally restrained because the State produced no evidence at the hearing held in the district court from his appeal of the master's ruling. He also argued that he was illegally restrained because the trial court denied him the right to a hearing de novo on his appeal from a master's ruling. We grant the writ and order relator discharged.

The record shows that on October 25, 1990, the motion for enforcement was heard before the master. Relator timely filed a notice of appeal from the master's report pursuant to Tex.Gov't Code Ann. § 54.012 (Vernon 1988). In the notice of appeal, relator specified that he disputed the amount of arrearage, the fine imposed, his ability to pay, a finding concerning an automobile purchase, and a finding that he has not paid one cent of child support. He demanded an evidentiary hearing de novo on the issues raised.

At the hearing on the appeal from the master's ruling, the trial court was adamant that it was acting as an appellate court in the matter. The trial court stated that it could not second guess what the master had done. Relator's attorney agreed and suggested that for that very reason relator wanted a trial de novo. Relator's attorney later reiterated that he had mainly factual issues that he wanted the trial court to hear. The trial court sug-

gested that it did not have the ability to hear fact issues. The trial court denied the motion. The attorney representing the child support division presented no evidence.

There is little case law discussing the use of masters in Texas courts. To be eligible for appointment, the master must meet the requirements and qualifications to serve as a judge of the court to which the master is appointed. Tex.Gov't Code Ann. § 54.002 (Vernon 1988). A judge may properly refer to the master a contempt proceeding, such as the one in the instant case. Tex. Gov't Code Ann. § 54.005(a)(7) (Vernon 1988). At the conclusion of any hearing conducted by the master, the master is required to transmit all papers to the referring court. A "check" on this system is the right of the parties to appeal the master's rulings. The code provides that on appeal to the referring court, the parties may present witnesses *as in a hearing de novo* on the issues raised in the appeal. Tex.Gov't Code Ann § 54.012(e) (Vernon 1988). The master's rulings remain in effect pending appeal of the master's report, except for orders providing for incarceration or for the appointment of a receiver. Tex.Gov't Code Ann. § 54.015 (Vernon 1988).

A de novo trial is a full trial on the facts as well as the law. *Southern Canal Co. v. State Board of Water Engineers*, 159 Tex. 227, 318 S.W.2d 619, 622 (1958). De novo review connotes hearing a matter anew. For instance, in an appeal from the justice court to the county court, a county court does not merely review the evidence but retries the issues. In fact, an appeal in such case annuls the justice court judgment *Id.*

Relator argues that he was illegally restrained because he was entitled to a trial de novo from the master's ruling on the issues raised. He claims that when the case was appealed to the trial court any evidence heard by the master on the issues appealed was extinguished. Relator argues that because the trial court heard no new evidence, there was actually no evidence before the trial court to support the contempt. The attorney general argues that under Tex.Gov't Code Ann. § 54.012, it was not required to present additional evidence because the trial court could have entered judgment on issues not raised in the appeal. The attorney general also argues that the trial court may consider the record from the master's hearing to support his order.

In a habeas corpus action the guilt or innocence of the relator is not an issue. We are concerned only with the legality of relator's detention. *Gilbert v. Texas*, 437 S.W.2d 444, 446 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.). We may order a party released when the judgment is void for lack of jurisdiction or because the party was deprived of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980).

The government code specifically allows for a hearing de novo on contested issues. We believe this necessarily requires the trial court to hear evidence on factual issues specifically contested in the relator's appeal when those issues are necessarily implicated in the judgment of contempt or when they provide a defense to an action for contempt. We disagree with the trial court's statement that he is precluded from hearing evidence. The code states that evidence may be presented as in a hearing de novo. The relator made it very clear that the issues he contested were factual. The court was equally clear that it would not hear evidence.

The trial court wrongfully refused to hear evidence. The relator objected to the finding of the master holding him in contempt and the finding of his ability to pay the payments ordered. Texas law affords relator a right to a hearing de novo on the issues appealed. This right was denied when the trial court refused to hear evidence and issued a contempt order without conducting an evidentiary hearing as requested on issues with a direct bearing on the propriety of the judgment of contempt and relator's incarceration. Accordingly, we grant relator's application for writ of habeas corpus and release him from the bond previously ordered.