**DENIED and Opinion Filed May 21, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00526-CV

### IN RE MICHAEL RUFF, Relator

**Original Proceeding from the Probate Court No. 1
Dallas County, Texas
Trial Court Cause No. PR-11-02825-1**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Reichek
Opinion by Justice Reichek

In this original proceeding, relator complains of the trial court's order permitting relator to be served with a show-cause order by substituted service. Relator seeks a writ of mandamus directing the trial court to vacate the order permitting substituted service. Following this Court's request, the real party in interest filed a response to the petition. We deny the petition.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. The record includes uncontroverted evidence from which the trial court could reasonably conclude relator is willfully evading service. Substituted service may be sufficient when a party deliberately avoids service of process. *See Ex parte Herring*, 438 S.W.2d 801, 803 (Tex. 1969) (holding that "it is a denial of due process to commit a person to prison for contempt who is not shown to be avoiding deliberately

the service of process," but not reaching question of whether substituted service sufficient "when it is shown that the person is deliberately evading the service of process"). Relator has not established the trial court committed a clear abuse of discretion by permitting substituted service. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought). We do not, however, express an opinion on whether substituted service will be sufficient to support a future contempt judgment or will render such a judgment void.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

190526F.P05