Ex parte Michael Charles THOMAS.

No. 72848.

Court of Criminal Appeals of Texas, En Banc.

Oct. 8, 1997.

---

Michael C. Thomas, Fort Stockton, pro se.

Steven C. Hilbig, District Attorney, San Antonio, Matthew Paul, State's Atty., Austin, for State.

Before the court en banc.

## OPINION

MANSFIELD, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Texas Code of Criminal Procedure article 11.07. The convicting court, the 144th District Court of Bexar County, found that this Court was statutorily barred from addressing applicant Michael Charles Thomas's present claims. We ordered applicant's writ application filed and set for submission to determine whether we are barred under Article 11.07, § 4(a), from considering the merits of his application. We hold that this Court is not statutorily barred from addressing the merits of applicant's claims, and remand the case to the district court for further proceedings consistent with this opinion.

*The Relevant Facts*

On June 6, 1990, applicant was found guilty by a jury of possession of cocaine under 28 grams. See Tex. Health & Safety Code § 481.112(a). The judge assessed pun-

ishment at ten years imprisonment but suspended the sentence and placed applicant on probation for ten years. Applicant then filed a *successful* motion for new trial. Subsequently, he pled guilty to the offense pursuant to a plea bargain agreement, on August 26, 1991. The trial court deferred applicant's adjudication of guilt and again placed him on probation for ten years. Applicant violated the terms of his probation, however, and on September 14, 1994, the district court entered an adjudication of guilt and sentenced him to imprisonment for ten years.

On October 3, 1995, applicant filed a *pro se* application for writ of habeas corpus in the district court. That application was forwarded to this Court pursuant to Article 11.07. We dismissed the application for want of jurisdiction because applicant's case was pending on direct appeal. Applicant filed a second *pro se* application for writ of habeas corpus on July 30, 1996, which was forwarded to this Court while his case was still pending on appeal. Applicant's sole claim in his second application was that he was transferred to the Texas Department of Criminal Justice–Institutional Division during the pendency of his appeal without his consent, in violation of Article 42.09, § 4. We denied the second application without written order on November 6, 1996. The court of appeals dismissed the appeal for want of jurisdiction on August 21, 1996. *Thomas v. State,* 929 S.W.2d 511 (Tex. App—San Antonio 1996, *pet. ref'd* ). The court of appeals denied applicant's *pro se* motion for rehearing on October 3, 1996. Applicant subsequently filed a petition for discretionary review with this Court on December 6, 1996, which we refused on January 29, 1997. The Fourth Court of Appeals issued its mandate of affirmance on March 14, 1997.

On April 4, 1997, applicant filed the instant application for habeas relief challenging his conviction on several grounds, all of which were different from the claim alleged in his second application. The trial court found that the current application was filed after final disposition of applicant's second application challenging the same conviction. The trial court further found that applicant did not allege that the factual or legal basis for his claims were unavailable on the date applicant filed his second application. Therefore, the trial court concluded that Article 11.07, § 4(a) barred this Court from considering the merits of the instant application and recommended that we deny the requested relief. On August 13, 1997, we ordered this application filed and set for submission.

*Analysis*

Article 11.07 § 4(a) provides:

> If a subsequent application for writ of habeas corpus is filed after *final disposition* of an initial application challenging the *same conviction,* a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

(Emphasis added.) Section 4(a) has two requirements that must be satisfied before it will bar consideration of subsequent applications. We need only consider the first requirement in resolving the current issue. Section 4(a) is triggered by the "final disposition" of an initial application.

██ A "final disposition" occurs when we address the merits of all claims raised by the applicant. *Ex Parte Torres,* 943 S.W.2d 469, 474 (Tex.Crim.App.1997). In the instant case, the trial court understandably surmised that a final disposition occurred when we denied applicant's second application without written order. "In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while 'dismissal' means that we declined to consider the claim for reasons unrelated to the

claim's merits." *Ex Parte Torres,* 943 S.W.2d at 472.

In determining the nature of a disposition, however, we look beyond mere labels to the substance of the action taken. *Ex Parte Torres,* 943 S.W.2d at 472, *citing State v. Young,* 810 S.W.2d 221, 222–223 (Tex. Crim.App.1991) (appealability of a trial court order); *State v. Moreno,* 807 S.W.2d 327, 332–333 (Tex.Crim.App.1991). *See also Ex Parte Gray,* 649 S.W.2d 640, 642 (Tex.Crim.App.1983)(whether relief sought is mandamus or prohibition).

Although we stated that applicant's second application was "denied without written order," we should have dismissed the application for want of jurisdiction. Applicant's petition for discretionary review was still pending before this Court until January 29, 1997, when it was refused. His time to file a motion for rehearing lapsed on February 14, 1997. His conviction was not final, hence not ripe for habeas review under Article 11.07, until March 14, 1997, when the court of appeals issued its mandate. "The law is settled that a conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final." *Jones v. State,* 711 S.W.2d 634, 636 (Tex. Crim.App.1986), *citing Carter v. State,* 510 S.W.2d 323, 324 (Tex.Crim.App.1974); *Arbuckle v. State,* 132 Tex.Crim. 371, 105 S.W.2d 219 (1937). "Denial" of applicant's application for habeas relief by this Court was improper. Instead, this Court should have "dismissed" the application for want of jurisdiction.

Because we disposed of applicant's claim for reasons unrelated to the merits and never addressed the merits of the grounds raised therein, there was no final disposition of applicant's initial writ application, and § 4 does not bar this Court from addressing the merits of the instant application. We remand the case to the trial court to conduct an evidentiary hearing or take whatever action it deems appropriate to address the claims raised by the applicant in his present application. See Article 11.07, § 3(c).