82,810-02

CAUSE NO. WR-82,810-01

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF |
| | § | CRIMINAL APPEALS OF |
| MARCO POLO MEDINA-GONZALEZ | § | THE STATE OF TEXAS |
| | § | |

## MOTION FOR LEAVE TO FILE PETITION FOR
## WRIT OF PROHIBITION

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Comes now Marco Polo Medina-Gonzalez, relator in the above-entitled and numbered cause, and respectfully moves this Court pursuant to Texas Rule of Appellate Procedure 211(a), 121(a)(1) to grant leave to file the accompaning original petition for writ of prohibition.

Wherefore, premises considered, Relator prays that this Honorable Court of Criminal Appeals grant his Writ of Prohibition in the interest of justice.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 2 8 2015

Abel Acosta, Clerk

## CERTIFICATE OF SERVICE

I, Marco Polo Medina-Gonzalez, do certify that a true and correct copy of this instrument has been served by placing same in U.S. Mail, postage prepaid, on this 23rd day of April, 2015, addressed to:

District Attorney-Abelino Reyna
P.O. Box 2451
Waco, Texas 76703

/s/ *Marco Medina-Gonzalez*
Marco Polo Medina-Gonzalez
TDCJ-ID #1907021
James V. Allred Unit
2101 F.M. 369 North
Iowa Park, Texas 76367-6568

EX PARTE                          §          WR-82,810-01

                                  §
MARCO POLO MEDINA-GONZALEZ        §

## APPLICATION FOR WRIT OF PROHIBITION

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Marco Polo Medina-Gonzalez, hereinafter styled relator, and files this application for writ of prohibition to prohibit The 54th Judicial District Court of Mclennan County, Texas, respondent, from denying relator's Writ of Habeas Corpus pursuant to Article 11.07, or from encouraging this Honorable Court to deny relator's Writ of Habeas Corpus in Cause No. 2012-2077-C2A, styled Ex parte Marco Polo Medina-Gonzalez. In support of this application, relator shows the following:

I.

On December 11, 2014, Marco Polo Medina-Gonzalez filed an application for Writ of habeas corpus pursuant to Article 11.07, Tex.Code of Crim.P. with the District Clerk of Mclennan County, Texas, alleging inter alia Ineffective Assistance of Counsel, and Ineffective Assistance of Appellate Counsel, in which Judge Matt Johnson designated these two issues specifically, and ordered by decree trial counsel and Appellate counsel, which are one in the same person, Denton B. Lessman to submit an affidavit by January 21, 2015. A copy of this order is attached as Exhibit A. Prior to this order via operation of law, the District Attorney answered Mr. Gonzalez allegations. Mr.Reyna (district attorney) reflected

1 of 4

on the fact that Mr. Gonzalez was still conducting his direct review process and that as a matter of fact, Mr. Gonzalez attorney had filed a timely motion to extend the time to file the petition for discretionary review on December 19, 2014. The deadline was on December 22, 2014. Mr.Reyna subsequently suggested that due to Mr. Gonzalez status of the underlying conviction, that his application for habeas review did not appear to be ripe for determination and should be dismissed as being prematurely filed. A copy of the State's answer is attached as Exhibit B. Finally, the State habeas court judge submitted a findings of fact and conclusion of law Memorandum. In the Memorandum the trial court made an assessment of the issues but failed to order a decision to Grant or Deny Relator's writ of habeas corpus. In lieu, and alternatively, the trial court judge recommended and supposedly delegated this Honorable Texas Court of Criminal Appeals to deny relief. A copy of the trial court's finding of fact and conclusion of law is attached as Exhibit C. This Honorable Courtrecieved Relator's application for 11.07 Writ of Habeas on January 30, 2015. The cause number in this Court is WR-82,810-01.

## II.

The Respondent's proposed action is a clear violation of law based on the facts of this case because the Direct Review process in Relator's case was still pending due to the fact that the mandate had not been issued. Relator contends that til this day he has yet to recieve any document or paperwork from the court that's entitled "MANDATE", and declares to this court that to the extent of his knowledge, he has'nt been issued a mandate from

the Tenth Court of Appeals thus, rendering the judgement not final. Relator contends that this Honorable Court of Criminal Appeals has since ruled on the Petition for Discretionary Review, in which it was refused on March 3, 2015. However, during the time period when Relator submitted his Writ of Habeas Corpus, Relator had yet to submit his PDR, in fact, he was still waiting to see if the Court would grant the extention of time. Therefore, as stated by the Representative of the State,"Relator's habeas review was not ripe".The habeas court did not have jurisdiction to consider an application for writ of habeas corpus pursuant to Article 11.07 until the felony judgement from which relief is sought becomes final. Article 11.07 § 3 (a) V.A.C.C.P. Ex parte Thomas, 953 S.W.2d 286, 289 (Tex.Crim.App. 1997); Ex parte Brown 662 S.W.2d 3 (Tex.Crim.App. 1983); See Ex parte Renier, 734 S.W. 2d 349 (Tex.Crim.App. 1987) (Teague, J., dissenting) (discussing rationales for final felony conviction requirement). A direct appeal is final when the mandate from the Court of Appeals issues. Carter v. State, 510 S.W.2d 323, 324 (Tex.Crim.App. 1974) Prior to the mandate, a judgement is not final.

Relator's claim is not ripe, because the application for writ of habeas corpus was filed during the pendency of the direct appeal. Consequently, as recommended by Mr. Reyna to the habeas court judge, Relator's Writ of habeas Corpus should have been dismissed without prejudice for being prematurely filed.

III.

The relator has no adequate remedy at law to pursue the requested relief other than this application.

This Court has jurisdiction to issue a writ of prohibition in this cause under Article 5, Section 5 of the Texas Constitution and Article 4.04 of the Code of Criminal Procedure.

WHEREFORE, Relator prays the Court grant this application and issue a writ of prohibition directing <u>The 54th District Court of Mclennan County, Texas</u>, Respondent, to dismiss without prejudice, Relator's Writ of Habeas Corpus due to premature filing.

## CERTIFICATE OF SERVICE

I, Marco Polo Medina-Gonzalez, do certify that a true and correct copy of this instrument has been served by placing same in U.S. Mail, postage prepaid, on this 23rd day of April, 2015, addressed to:

District Attorney-Abelino Reyna
P.O. Box 2451
Waco, Texas

/s/ *Marco Medina-Gonzalez*
Marco Polo Medina-Gonzalez
TDCJ-ID # 1907021
James V. Allred Unit
2101 F.M. 369 North
Iowa Park, Texas 76367-6568

CAUSE NO. WR-82,810-01

| EX PARTE | § | IN THE COURT OF |
| | § | CRIMINAL APPEALS OF |
| MARCO POLO MEDINA-GONZALEZ | § | THE STATE OF TEXAS |
| | § | |

EXHIBIT A

RELATOR'S TRIAL AND APPELLATE ATTORNEY DENTON B. LESSMAN AFFIDAVIT

EX PARTE

§    IN THE DISTRICT COURT

§

§    54TH JUDICIAL DISTRICT

§

MARCO POLO
MEDINA-GONZALEZ

§    MCLENNAN COUNTY, TEXAS

## AFFIDAVIT OF DENTON B. LESSMAN

"My name is Denton B. Lessman. I am over the age of eighteen (18) years, and I am competent to make this affidavit. I declare under penalty of perjury that I have personal knowledge regarding the facts stated herein and they are true and correct to the best of my knowledge."

"This proceeding is a post-conviction habeas corpus proceeding that was initiated by Mr. MARCO POLO MEDINA-GONZALEZ (herein "MEDINA") in which he seeks relief based upon his claim that I was ineffective during my representation of him in cause number 2012-2077-C2 in which he was charged, tried before a jury of his peers, convicted and sentenced by said jury for the offense of possession of a Aggravated Kidnapping, Aggravated Robbery

"In this matter, the Honorable Matt Johnson has ordered that I provide the Court with an affidavit addressing both MEDINA's claim and the issues that were specifically designated by the Court in its order dated November 12, 2014."

"In order to ascertain the nature of the claim(s) made by MEDINA, I have been provided with a copy of the 39 pages submitted to the Court by L by MEDINA."

"Upon reviewing the allegations contained therein, the issues designated by the Court, and reviewing Rule 1.05 of the Texas Rules of Professional Conduct and the comments associated therewith, I believe that it is necessary for me to disclose the following confidential information



and that my disclosure is authorized by said rule."

"The Honorable Trial Court has designated one issue for my response. Specifically, MEDINA'S allegations that I failed to properly cross-examine or otherwise impeach the testimony of Juawice Jones (Applicant's supporting brief, page 15). After reviewing MEDINA'S filed documents, I am unable to determine what MEDINA alleges about my cross examination that he asserts is deficient. He has failed to allege any facts supporting his claim. I have also reviewed the cross examination in the reporters record and find no additional issues that would have been beneficial to cross examine Ms. Jones with."

"MEDINA'S case is currently under appellate review with a petition for discretionary review due on or before Wednesday, January 21, 2015."

"MEDINA has communicated with me regarding the merit of his 11.07 claim on 1/09/2015. I have attached a copy of said letter hereto and incorporate it in my response for the purpose of addressing the issues designated by the Court."

Digitally signed by Denton B. Lessman
DN: cn=Denton B. Lessman, o=Law Office of Denton B. Lessman, ou, Email=DLessmanAtty@aol.com, c=US
Date: 2015.01.15 15:02:39 -06'00'

Denton B. Lessman

Mr. Denton D. Lessman
Attorney at Law

Mr. Marco Polo Medina-Gonzalez
TDCJ# 1907021
James V. Allred Unit
2101 FM 369 N.
Iowa Park, TX. 76367

Dear Mr. Lessman                           01-09-15

        I am writing in regaurds to the 1107 file[d]
by me on my case, I'm sure by now you have recieve[d]
notice and I want to apoligize if you were offend[ed]
are felt disrespected I was convinced by this man, [I]
was a miricle worker and could have my case bac[k]
in court I am so lost when it comes to all th[e]
legal work and to be honest quiet Scared! I kn[ow]
you are the Profesional and I respect you as
such I just wanted to help but if I knew th[e]
Scam this inmate was running I would have nev[er]
indulged in his game in which he is and has affec[ted]
my life! I am in the law library 5 days a week
learning all I can it is taking much longer then I
would like for my english is not up to par! I
wont you to know I believe in you and fully stan[d]
behind and Support your every move and desicion [on]
this case, Please dont be upset with me for m[y]
inexperianced mistake it wont happen again, but I
would really like to help if Possible or atleast b[e]
kept in the light as much as possible! With al[l]
my respect and support
                                Marco Medina

Marco Medina #1907021
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Tx. 76367

Legal Mail

NORTH TEXAS TX PRDC
DALLAS TX 750
09 JAN 2015 PM 8 L

Denton B. Lessman
Attorney At Law
100 N. 6th Street, Ste. 702
Waco, Tx. 76701

7670120 Waco

CAUSE NO. WR-82,810-01

EX PARTE § IN THE COURT OF
CRIMINAL APPEALS OF
MARCO POLO MEDINA-GONZALEZ § THE STATE OF TEXAS
§

EXHIBIT B

THE STATE'S ANSWER TO RELATOR'S WRIT OF HABEAS CORPUS 11.07

No. 2012-2077-C2A

# IN THE 54ᵀᴴ JUDICIAL DISTRICT COURT
## OF McLENNAN COUNTY, TEXAS

## EX PARTE MARCO POLO MEDINA-GONZALEZ



### STATE'S ANSWER TO AN APPLICATION
### FOR WRIT OF HABEAS CORPUS

Pursuant to Article 11.07 of the Code of Criminal Procedure, the State of Texas, by and through the Criminal District Attorney for McLennan County, Abelino 'Abel' Reyna, files this answer to the Application for Writ of Habeas Corpus filed by MARCO POLO MEDINA-GONZALEZ, hereinafter called "Applicant." This is a case other than a case in which the death penalty was assessed.

Applicant alleges eight grounds for relief in his application. The application is the first post-conviction writ he has filed.

### CONCERNING THE NEED FOR AN EVIDENTIARY HEARING

There are no controverted, previously unresolved facts material to the legality of Applicant's confinement which would necessitate a hearing. No evidentiary hearing is needed or warranted under this Application, because any information could be obtained by affidavit or otherwise.

### ALLEGATIONS IN THE APPLICATION

Applicant contends that:

1) He was convicted on the basis of a false police report;

2) There was no evidence to support the conviction; and;

3) He was denied effective assistance of counsel.

1



## GENERAL DENIAL

Pursuant to Article 11.07, all matters alleged in the application not specifically admitted by the State in this answer are denied.

## ANSWER OF THE STATE

Based on the Applicant's representations in his Application and Supporting Brief, it appears that all three of the asserted grounds for relief complain of a scrivener's error in a police report, which misstates Applicant's date of birth. Other than that, the assertions and representations set forth in the Application and Supporting Affidavit appear to be mere ramblings, setting forth no basis in fact, law, or equity which would entitle Applicant to habeas relief.

Answering further, the State would show that the Tenth Court of Appeals affirmed the Applicant's conviction in its memorandum opinion issued in Cause Number 10-13-00394-CR, issued November 21, 2014. The deadline for filing a petition for discretionary review is December 22, 2014. On December 19, 2014, Applicant's attorney Mr. Denton Lessman, filed with the Court of Criminal Appeals a motion to extend the time to file the petition for discretionary review. Due to the appellate status of the underlying conviction, the application for habeas review does not appear ripe for determination, and should be dismissed.

## CONCLUSION AND PRAYER

The State recommends to the Trial Court that this writ be denied as frivolous, as there are no legal or factual grounds to support Applicant's claims. Alternatively, this writ should be dismissed as being prematurely filed.

Respectfully Submitted:

**Abelino 'Abel' Reyna**

Criminal District Attorney

2

McLennan County, Texas
219 North 6th Street, Suite 200
Waco, Texas 76701
Phone (254) 757-5084
Fax (254) 757-5021

Sterling Harmon
Chief, Appellate Division
State Bar # 09019700

3

No. 2012-2077-C2A

FILED
2014 DEC 22 AM 9: 20
___ C. MATKIN
DISTRICT CLERK
MCLENNAN CO. TX
Crystal Howard

## IN THE 54TH JUDICIAL DISTRICT COURT
## OF MCLENNAN COUNTY, TEXAS

---

## EX PARTE MARCO POLO MEDINA-GONZALEZ

---

### DESIGNATION OF ISSUES
### ON AN APPLICATION FOR
### WRIT OF HABEAS CORPUS

---

On December 11, 2014, applicant MARCO POLO MEDINA-GONZALEZ filed an application for writ of habeas corpus pursuant to Article 11.07, Tex. Code Crim. P. with the District Clerk of McLennan County. The District Attorney's office was served with a copy of the application by email. Applicant has alleged facts that, if true, may entitle him to relief. Therefore, the trial court designates the issues to be resolved herein as:

1. What are the circumstances surrounding Applicant's claim that Denton B. Lessman, Applicant's trial and appellate counsel, provided ineffective assistance of counsel and his counsel's reasons and reasoning for his conduct, whether by act or omission, regarding Applicant's allegations that he "conspired with the district attorney to imprison him?" (Ground 3; Supporting Brief, p. 12)

2. Whether the performance of Applicant's trial and appellate counsel, Denton B. Lessman, was deficient and fell so far below the standard of prevailing professional norms, that counsel was not functioning as the counsel guaranteed the Applicant by the Sixth Amendment?

1



1 6 0 2 4 3 7 9 1

3. Whether Applicant has overcome the strong presumption that Applicant's trial and appellate counsel, Denton B. Lessman, rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment?

4. Whether Applicant's trial and appellate counsel, Denton B. Lessman's, performance fell within the wide range of reasonable and professional assistance?

5. If Applicant's appellate counsel, Denton B. Lessman's performance was deficient, whether his specific deficient acts or omissions, in their totality, were so serious as to undermine confidence in the outcome and to have deprived Applicant of a fair trial and appellate review—one whose result is reliable—such that there is a reasonable probability that but for said deficient performance, if any, the result of the appellate review would have been different?

6. Whether other findings of fact and conclusions of law should be made to resolve the issue presented by applicant herein.

## ORDER

The Trial Court determines that these issues can be resolved by affidavit and a hearing is not necessary. Therefore, the trial court enters the following orders:

Denton B. Lessman is hereby ORDERED to provide this court with his individual affidavit addressing applicant's claims and the issues designated above.

Applicant is hereby ordered to provide this Court with any additional information or proof applicant believes would be helpful to this Court in resolving the issues presented herein.

The Clerk of the Court is hereby ORDERED:

1. To deliver to Denton B. Lessman, copies of:

    a. The application filed on December 11, 2014;

    b. The State's Answer filed on December 22, 2014; and

    c. This Order;

2. To deliver to the Court of Criminal Appeals a copy of this Order.

## TIMETABLE

Unless a continuance is granted, all affidavits and proof shall be filed with the Clerk of this Court no later than January 21, 2015, 2014. This Court will enter appropriate findings no later than February 4, 2015.

Signed and entered this _22_ day of _DEC._, 2014.

**Matt Johnson**
Judge Presiding

CAUSE NO. WR-82,810-01

EX PARTE                              §        IN THE COURT OF CRIMIN
                                      §        CRIMINAL APPEALS OF
MARCO POLO MEDINA-GONZALEZ            §        THE STATE OF TEXAS
                                      §


EXHIBIT C


TRIAL COURT'S FINDING OF FACT AND CONCLUSION IN HABEAS PROCEEDING

No. 2012-2077-C2A

# IN THE 54TH JUDICIAL DISTRICT COURT
# OF MCLENNAN COUNTY, TEXAS

---

## EX PARTE MARCO POLO MEDINA-GONZALEZ

---

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## ON AN APPLICATION FOR
## WRIT OF HABEAS CORPUS

---

On December 11, 2014, applicant MARCO POLO MEDINA-GONZALEZ filed an application for writ of habeas corpus pursuant to Article 11.07, Tex. Code Crim. P. with the District Clerk of McLennan County. The District Attorney's office was served with a copy of the application by email. Applicant has alleged facts that, if true, may entitle him to relief. Therefore, the trial court designated the issues to be resolved herein as:

1. What are the circumstances surrounding Applicant's claim that Denton B. Lessman, Applicant's trial and appellate counsel, provided ineffective assistance of counsel and his counsel's reasons and reasoning for his conduct, whether by act or omission, regarding Applicant's allegations that he "conspired with the district attorney to imprison him?" (Ground 3; Supporting Brief, p. 12)

2. Whether the performance of Applicant's trial and appellate counsel, Denton B. Lessman, was deficient and fell so far below the standard of prevailing professional norms, that counsel was not functioning as the counsel guaranteed the Applicant by the Sixth Amendment?

1



3. Whether Applicant has overcome the strong presumption that Applicant's trial and appellate counsel, Denton B. Lessman, rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment?

4. Whether Applicant's trial and appellate counsel, Denton B. Lessman's, performance fell within the wide range of reasonable and professional assistance?

5. If Applicant's appellate counsel, Denton B. Lessman's performance was deficient, whether his specific deficient acts or omissions, in their totality, were so serious as to undermine confidence in the outcome and to have deprived Applicant of a fair trial and appellate review—one whose result is reliable—such that there is a reasonable probability that but for said deficient performance, if any, the result of the appellate review would have been different?

6. Whether other findings of fact and conclusions of law should be made to resolve the issue presented by applicant herein.

## FINDINGS AND CONCLUSIONS

1. Denton B. Lessman, Applicant's trial and appellate counsel, filed an affidavit addressing Applicant's claims on January 21, 2015.

2. The affidavit is found to be true, correct, and worthy of belief. The affidavit is accepted for all purposes.

3. Applicant has alleged no factual basis for the assertion that his trial and appellate and the District Attorney conspired in any way against the Applicant. Applicant complains of a scrivener's error on Applicant's date of birth contained in a police report. This error had no relevance or bearing on the case, and falls far short of showing any sort of collusion.

4. Applicant's trial and appellate counsel's performance was at all times sufficient and fell within the standard of prevailing professional norms so as to afford Applicant effective assistance of counsel as guaranteed by the Sixth Amendment.

2

5. There has been no showing that Applicant's trial and appellate counsel rendered inadequate assistance in his representation of Applicant, nor any showing that counsel's significant decisions were the result of anything other than the exercise of reasonable professional judgment.

6. The performance of Applicant's trial and appellate counsel fell within the range of reasonable and professional assistance.

7. There are no other issues material to Applicant's claims which need to be resolved.

## RECOMMENDATION OF THE TRIAL COURT

Therefore, the Trial Court recommends to the Honorable Texas Court of Criminal Appeals that all relief be denied.

## ORDER TO THE CLERK

Now, therefore, the Clerk of the Court is ORDERED to immediately transmit to the Court of Criminal Appeals all necessary documents not heretofore transmitted, and a Clerk's Summary Sheet and a certificate reciting the date upon which this finding was made, and this order, finding and recommendation.

If the Clerk has received any communication from Applicant before such transmission, a copy of said communication shall also be sent to the Court of Criminal Appeals.

A copy of this Order shall also be mailed to applicant at the address shown on the application.

Signed and entered this __21__ day of __JAN__, 2015.

Matt Johnson
Judge Presiding

3