

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0611-24

---

### EX PARTE GARY GRIFFIN, Appellant

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### HAYS COUNTY

---

**PARKER, J., filed a dissenting opinion in which YEARY, J., joined.**

### DISSENTING OPINION

Appellant is seeking an out-of-time appeal of a trial court's order in a *habeas* proceeding.

Such a claim is not even cognizable in an Article 11.072 habeas proceeding because it seeks relief

from the prior habeas proceeding rather than from the judgment imposing community supervision.[1]

---

[1] *See* TEX. CODE CRIM. PROC. art. 11.072, § 1 ("This article establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."); *Ex parte Graves*, 70 S.W.3d 103, 105, 117 (Tex. Crim. App. 2002) ("Furthermore, an allegation of ineffective assistance of counsel in a habeas proceeding is entirely derivative; it does not attack the validity, fairness, or constitutionality of the original trial proceeding.") (Article 11.071 proceeding). A dispute has arisen over whether an out-of-time appeal request even from the *original judgment imposing community supervision* is cognizable in an Article 11.072 proceeding. *See Ex parte Valdez*, 489 S.W.3d 462, 466-69 (Tex. Crim. App. 2016) (Keller, P.J., concurring) (concluding that Art. 11.072 was not the proper remedy.); *id.* at 469-71 (Richardson, J., concurring) (concluding that

However, the claim would be cognizable in a nonstandard, Article 11.05 writ,[2] and since such a proceeding would follow the same appellate path,[3] we could simply look past the Article 11.072 label and view it as such.[4]

Nevertheless, due process protections diminish after the "first appeal of right."[5] The court of appeals's determination that equity does not require granting relief here[6] is a reflection of that principle. In the context of a claim that an applicant was denied an appeal in a *habeas* proceeding, "due process" entitles him to no more than what the appellate rules allow—a maximum of 45 days

---

it was).  This case is a step beyond that, since the relief requested is not from the original judgment but from a prior habeas proceeding challenging that judgment.

[2] *See Valdez*, *supra* at 469 (Keller, P.J., concurring) ("If Article 11.072 is not available, then what does an applicant do? The appropriate remedy would be to file a 'Constitutional' writ application in the trial court."); *see id.* at 464 (Court's op.) ("Constitutional writ" also known as an "Article 11.05 writ.").

[3] *Id.* at 464 (talking about the need to invoke "our appellate jurisdiction via PDR from a writ application filed with the trial court and taken through the usual appellate process" without deciding whether the proceeding was cognizable via Art. 11.05 or 11.072).

[4] *See State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011 ) ("If a trial court's order is functionally indistinguishable from the granting of a motion for new trial, a reviewing court can look past the label given to it and treat it as an order granting the motion for new trial."); *Ex parte Thomas*, 953 S.W.2d 286, 289 (Tex. Crim. App. 1997) ("In determining the nature of a disposition, however, we look beyond mere labels to the substance of the action taken.").

[5] *See Pennsylvania v. Finley*, 481 U.S. 551, 554-57 (1987) (no right to counsel or to an *Anders* brief in an appeal from a postconviction habeas proceeding: "Postconviction relief is even further removed from the criminal trial than is discretionary direct review.  It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature.").

[6] *See In re Griffin*, 703 S.W.3d 831, 836-37 (Tex. App.—Austin 2024) ("Habeas corpus is an extraordinary remedy, and, because of the 'unique nature' of the remedy, habeas corpus relief is underscored by elements of fairness and equity. . . . In recognition of habeas relief's foundation in equity and fairness . . .") (some internal quotation marks omitted).

to complain after he received notice of the order.[7] When a habeas applicant waits longer than that, after receiving actual notice of the order, and does not otherwise show extenuating circumstances, he has failed to show that the late notice deprived him of due process. Here, Applicant waited 93 days after receiving actual notice—more than twice as long as what the appellate rules contemplate—and has given no explanation for this delay.[8] Consequently, Applicant has not shown a due process violation.

I would affirm the court of appeals's decision, which affirmed the trial court's denial of relief. I respectfully dissent.

Filed: September 3, 2025

Do not publish

---

[7] *See* TEX. R. APP. P. 26.2(a)(1) ("The notice of appeal must be filed . . . within 30 days . . . after the day the trial court enters an appealable order."); *id.* 26.3 ("The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b).").

[8] Because his habeas action here is in reality an Article 11.05 action, there does not exist a statutory subsequent-application provision, and how to treat a subsequent application would be left to this Court's common-law jurisprudence. If Applicant here has the ability to show extenuating circumstances for not filing a habeas application earlier, he could file a subsequent habeas application to show such circumstances.